**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4452-16T4

JOHN M. PAZ,

     Plaintiff-Appellant,

v.

DIRECTOR, DIVISION
OF TAXATION,

     Defendant-Respondent.

_____

Argued January 14, 2019 – Decided January 31, 2019

Before Judges Sabatino, Haas and Mitterhoff.
(Judge Sabatino concurring).

On appeal from the Tax Court of New Jersey, Docket No. 0057-2016, whose opinion is reported at 30 N.J. Tax 41 (Tax 2017).

David J. Shipley argued the cause for appellant (McCarter & English, LLP, attorneys; David J. Shipley, of counsel and on the briefs; Aliza Sherman and Michael A. Guariglia, on the briefs).

Michael J. Duffy, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Michael J. Duffy, on the brief).

PER CURIAM

The May 23, 2017 judgment is affirmed substantially for the reasons expressed in the Tax Court judge's April 7, 2017 opinion reported at 30 N.J. Tax 41 (Tax Ct. 2017).[1]

We add the following brief comments concerning the argument raised by plaintiff in Point I.D. of his appellate brief, where he asserts that the Tax Court judge "improperly deferred" to the Division of Taxation's (the Division's) legal arguments regarding the construction of the Gross Income Tax statute. This argument lacks merit.

In the "Standard of Review" section of the opinion, the judge stated that "[t]he review of this matter begins with the presumption that determinations made by the Director [of the Division] are valid[,]" and later wrote that "[d]eterminations of the Director are afforded a presumption of correctness[.]" Xylem, 30 N.J. Tax at 50. We agree with appellant that by using the terms "presumption of correctness" and "presumption of validity," the judge seems to have overstated the deference the Tax Court should apply to the Division's

---

[1]  Xylem Dewatering Sols., Inc. v. Director, Div. of Taxation, 30 N.J. Tax 41 (Tax Ct. 2017).

A-4452-16T4

interpretation and application of tax statutes following its review of the facts and the law governing a particular issue. Having canvassed the judge's entire decision, however, we detect no instance where the judge failed to fully and fairly review the record developed by the parties before properly making her own independent determinations on the questions of law involved in this matter. In addition, we have applied our own de novo standard of review in considering all of plaintiff's contentions on appeal. Waksal v. Director, Div. of Taxation, 215 N.J. 224, 232 (2013). Therefore, we reject plaintiff's argument on this point.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4452-16T4

_____

**SABATINO, P.J.A.D., concurring.**

I join with my colleagues in affirming the Tax Court's intricate and impressive decision. In doing so, I nonetheless must acknowledge that appellant has raised substantial issues.

The Division of Taxation "sourced" to New Jersey all of the gains appellant, a Pennsylvania resident, made from selling his company's assets that were spread around the country in more than twenty other states. The statutory path the Division followed in reaching that result is not as straight or as clear as, say, the path of Route One from Elizabeth to Trenton as marked on a Road Atlas or Google Maps.

It is still not obvious to me why principles under the Corporate Business Tax ("CBT"), rather than the Gross Income Tax ("GIT"), dictate the state tax allocation or assignment of these gains realized by a Subchapter S corporation in liquidating its business and its out-of-state assets. It would have been far better if the statutes had cross-referenced one another and provided explicit direction on this pivotal issue. Alas, they did not. So we are left with the parties' somewhat meandering explanations of how to solve the question.

The Division's tax forms and regulations (one of which is now repealed) lent colorable support to appellant's position that these gains would be allocated

among the various other states, rather than totally assigned to New Jersey as the business's state of incorporation.

As appellant apparently did not file protective refund claims in those other states after being notified of the Division's assessment, he must endure the consequences of being subjected to double taxation by more than one state for the same asset gains.

The Tax Court recognized the legitimacy of appellant's confusion by declining to impose penalties upon him, a determination the Division notably has not cross-appealed.

That said, I am ultimately persuaded that it is best here to defer to the expertise of the Division and the Tax Court on these close and rather arcane issues. Moreover, counsel have advised us the pertinent statutes have been amended since the tax years in question in this case, and those laws now make clear the proper method of allocation or assignment. So I join in affirming, having expressed these concerns.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4452-16T4